IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|||
|---|---|
| JOHN DOE, | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX-18-0707 |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | * |
| Defendants. | * |

******
**MEMORANDUM OPINION**

Pending before the Court is Defendants' motion to dismiss (ECF No. 14) to which Plaintiff has responded. ECF No. 17. The Court now rules because no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is GRANTED.

**I.     Background**

John Doe proceeds pro se and pseudonymously against the Federal Bureau of Investigation ("FBI") and its Director, Christopher Wray, because he has "been tortured into repeated nervous breakdowns" and "almost certainly would not proceed in this matter without the pseudonymous status." ECF No. 3 at 1. Doe claims that Defendants have violated the Administrative Procedure Act (Count I), violated the First, Second, Fifth, and Sixth Amendments of the United States Constitution (Count II), and committed treason (Count IV).[1] Doe seeks declaratory and injunctive relief, to include mandated "disclosure of all governmental personnel and contractors," and ordering Defendants to cease their "active measures" against him. ECF No. 1 at 10.

---

[1] The Complaint does not include a "Count III." ECF No. 1.

1

Although the Complaint is dense, fugue-like, and at times inscrutable, the heart of Doe's claims is the FBI's supposed tampering with his FBI identification record. Doe asserts that he had worked as a federal contractor within a civilian division of the Directorate of National Intelligence ("DNI") at some point in the past. ECF No. 1 ¶ 7. While at DNI, Doe claims to have been investigated for leaking online unclassified information and subjected to "over a decade of stalking and harassment both online and offline" by the FBI, other unspecified governmental agencies, and their federal contractors. Doe also asserts that the FBI has placed him on a "terrorist watch list," engaged in "persistent sabotages" of Doe's email, induced his sleep deprivation and "surreptitious druggings," and interfered with Doe's future employment. *Id.* ¶¶ 8-20. The FBI, Doe asserts, also concocted "a contrived incident attempting to produce sexual contact with a minor" to cause him to be imprisoned abroad, and caused his printer "to spew cyan toner over anything he prints," interfering with his capacity to communicate regarding such actions. *Id.* at 4 n.4, n.5. Notably, Doe fails to allege any specific dates, times, or locations related to, or individuals involved in, the events forming the basis of his Complaint. In short, the "who, what, when, and where" of the Complaint are missing.

Defendants move to dismiss on various grounds. With regard to the claims based on the FBI's alleged tampering with his records, Defendants assert such claims are controlled by the Privacy Act, 5 U.S.C. § 552a, and must be dismissed for lack of jurisdiction because Doe has failed to exhaust administrative remedies prior to filing suit. Defendants further assert that the Complaint must be dismissed for failure to state a claim. The Court addresses each argument in turn.

## II. Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a court cannot ignore a clear failure to allege facts setting forth a cognizable claim. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). *See also Bell v. Bank of Am., N.A.*, No. RDB–13–0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("[A] pro se plaintiff is general[ly] given more leeway than a party represented by counsel," however "a district court is not obligated to ferret through . . . a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."). "[A] court considering a motion to dismiss can choose to

3

begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**III. Analysis**

**A. Failure to Exhaust Administrative Remedies**

To the extent Doe's allegations arise from Defendants' supposed tampering with his FBI identification record, Defendants maintain that dismissal is warranted for Doe's failure to exhaust administrative remedies under the Privacy Act, 5 U.S.C. § 552a. The Court agrees.

An FBI identification record, commonly known as a "rap sheet," is a compilation of information gathered in response to fingerprint submissions submitted by other agencies in connection with arrests. 28 C.F.R. § 16.31. Under the Privacy Act, an individual may request access to such records or any information pertaining to the individual and maintained by an agency. 5 U.S.C. § 552a(d)(1). The individual may challenge the information included in the FBI identification record by applying "directly to the agency which contributed the questioned information," or ask the FBI to forward the challenge to the contributing entity. 28 C.F.R. § 16.34. The contributing agency then has ten working days to notify the requester of its decision. 5 U.S.C. § 552a(d)(2). If the individual disagrees with the agency's decision, he may seek agency review. *Id.* § 552a(d)(3). The agency then has thirty days to "complete such review and make a final determination." *Id.* Only after such final agency determination may the individual maintain a civil suit. *See Pollack v. Dep't of Justice,* 49 F.3d 115, 118 (4th Cir. 1995). *See also Olivares v. Nat'l Aeronautics and Space Administration*, 882 F. Supp. 1545, 1552 (D. Md. 1995), *aff'd* 103 F.3d 119 (1996).

Nothing before this Court demonstrates that Doe exhausted the above administrative remedies or in any way took these steps first to seek redress from the FBI. Accordingly, the

allegations based on the FBI's maintenance or alteration of records must necessarily fail. Alternatively, dismissal is warranted to the extent Doe attempts to bring a Privacy Act claim based on the accuracy of identification records which have been exempted from suit. *See* 28 C.F.R. § 16.96(e)-(f). *See also Jagun v. Rodriguez*, No. PJM 15-2230, 2016 WL 4124225, at *7 (D. Md. Aug. 3, 2016); *Witherspoon v. F.B.I.*, No. 96-619 GK, 1997 WL 135718, at *2 (D.D.C. Mar. 17, 1997). Claims dependent on Doe's challenge to altered FBI records are dismissed.

### B. The Administrative Procedure Act (Count I)

Doe asserts generally that the FBI violated the Administrative Procedure Act ("APA") by engaging in conduct that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." ECF No. 1 ¶ 36. Although Doe asserts that Defendants "reduc[ed] Plaintiff to existence under absolute despotism," he pleads no facts to support an APA violation. *Id.* ¶ 38. Accordingly, this Count must be dismissed.

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61 (2004) (quoting 5 U.S.C. § 702). "Under the APA, however, a challenge to agency action may only be brought against a final agency determination." *Marsh v. United States*, No. TDC-14-3559, 2016 WL 247563, at *3 (D. Md. Jan. 20, 2016). "The term 'action' as used in the APA is a term of art" that refers to "an agency's determination of rights and obligations . . . whether by rule, order, license, sanction, relief, or similar action." *Vill. of Bald Head Island v. U.S. Army Corps of Engineers*, 714 F.3d 186, 193 (4th Cir. 2013) (emphasis omitted). An agency action is "final" when the action in question amounts to "the 'consummation' of the agency's decision-making process [and] must not be of a 'merely tentative or interlocutory nature.'" *Bennett v. Spear*, 520 U.S. 154, 177

(1997) (quoting *Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.,* 333 U.S. 103, 113 (1948)). The action must also be one by which "rights or obligations have been determined, or from which legal consequences will flow." *Id.* at 178 (internal marks and citation omitted).

Doe does not identify any final agency action from which he seeks relief. Rather, Doe asserts in conclusory fashion a variety of FBI conduct adverse to him, but none are sufficient to constitute a final agency decision necessary for an APA violation. Doe's APA claim is thus dismissed without prejudice so that he is afforded the opportunity to refile if he can identify a final agency determination which amounts to an APA violation.[2]

### C. Constitutional Claims (Count II)

Plaintiff next avers wholesale violations of his First Amendment right to freedom of association, his Second Amendment right to bear arms, his Fifth Amendment due process rights, and an even more vague reference to infringement of his Sixth Amendment rights. None of the claimed constitutional violations are actionable.

As for his First Amendment claim, although Doe alleges that the FBI's purported alteration of records has abridged his freedom of association, he provides no facts in support. Rather, Doe pleads, at best, a "*potential* impact[]" on his ability to obtain a passport or visa, thus rendering him "potentially unable" to leave the country, thus "potentially impact[ing]" his freedom of association. ECF No. 1 at ¶¶ 42, 43 (emphasis added). He provides no detail on how such rights have been affected. In this respect, Doe's claim is speculative at best.

Likewise, as to the Second Amendment claim, all Doe has pleaded is a "potential" impact on this right, devoid of any facts supporting an actual infringement on his right to bear arms.

---

[2] Doe is cautioned, however, that if he were to refile his Complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure and submit a short, plain statement of the alleged violations which includes the dates, places, and individuals related to the claims, or risk dismissal with prejudice. *See* Fed. R. Civ. P. 8(d) ("Each allegation must be simple, concise, and direct.").

Although Doe attempts to recount a time in which unspecified law enforcement drew weapons on Doe (ostensibly because law enforcement knew of the allegedly fabricated records), Doe pleads no facts by which this Court could infer that any claimed records tampering has abridged his Second Amendment rights. *Id.* ¶44.

With regard to the Sixth Amendment, which guarantees an array of protections in connection with criminal prosecutions, the Court discerns no basis for Doe to bring a civil cause of action against the FBI. Doe asserts generally that the FBI violated his right against "self-incrimination," but provides no factual context by which this Court may evaluate the claim. *Id.* ¶ 45. Similarly, although Doe contends that Defendants "tampered" with his Fifth Amendment due process rights, *id.* ¶ 47-48, he fails to support the allegation with a plain, concise factual statement. While the Complaint is robust in rhetoric about potential, possible and hypothetical constitutional injuries, it "contains no information about when, where, or how the numerous alleged violations occurred." *Brown v. O'Malley,* No. WDQ-14-2442, 2015 WL 799433, at *2 (D. Md. Feb. 24, 2015). Were the claims allowed to proceed, the Defendants would be left to wonder about the "nature of the claim against them and to speculate on what their defenses might be." *Id.* (quoting *Holsey v. Collins*, 90 F.R.D. 122, 123–24 (D. Md. 1981)). Accordingly, Count II must be dismissed.

### D. Treason (Count IV)

As best can be discerned, Doe alleges that Defendants' acts are tantamount to an act of war against the government, and that Defendants have therefore committed treason in violation of Article III, Section III of the United States Constitution. ECF No. 1 ¶¶ 51-56. Treason is best understood as a crime committed against the United States. U.S. Const. art. III, § 3, cl. 1; 18 U.S.C. § 2381; *Hamdi v. Rumsfeld*, 542 U.S. 507, 560 (2004). No private right of action exists

that would allow an individual plaintiff to pursue a civil claim against a government agency. *See Taylor v. Virginia*, No. 2:15CV429, 2015 WL 13050092, at *1 (E.D. Va. Oct. 27, 2015). Count IV is dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Count IV (Treason) is dismissed WITH prejudice, as are challenges to FBI identification records exempted from suit under the Privacy Act. All other claims are dismissed without prejudice.


1/22/2019  
Date

/S/  
Paula Xinis  
United States District Judge